1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE NIMAR HASAN,                    No.  2:21-cv-0354 DB P

12                  Petitioner,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   WARDEN,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner challenges his 2013

19   conviction in the Sacramento County Superior Court.  Presently before the court is the petition for

20   screening.  For the reasons set forth below, the court will recommend that the petition be

21   dismissed without leave to amend.

22                                    **SCREENING**

23   **I.    Screening Requirement**

24        Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct

25   a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to

26   Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and

27   any attached exhibits that the petitioner is not entitled to relief in the district court."

28   ////

                                              1

1    **II.    Sole Ground Alleged is not Cognizable in Federal Habeas Proceeding**

2        Petitioner alleges that his conviction is invalid because charges were brought via

3    complaint rather than via indictment or information.  (ECF No. 1 at 18.)  He concludes that

4    because the charges were not properly brought the court did not have jurisdiction and the

5    conviction is invalid.  (Id. at 48.)

6        The Sixth Amendment guarantees that a criminal defendant has the right to be informed of

7    the nature and cause of the charges against him.  In re Oliver, 333 U.S. 257, 273 (1948).

8    Petitioner was informed of the nature and cause of the charges against him.  He has attached the

9    complaint stating the charges against him as an exhibit to the petition.  (ECF No. 1 at 53-58.)

10   However, he claims that because the form of the notice was a felony complaint, rather than an

11   indictment or information, the conviction is invalid.  Such an argument is not supported by law.

12       "There is no federal constitutional provision, whether under the Fifth or the Sixth

13   Amendment, requiring that a criminal defendant be informed of the nature and cause of the

14   charges against him via a grand jury indictment or in a manner prescribed by state law."  Caisse

15   v. Mattheson, No. 20-cv-3155 HSG, 2020 WL 5760284 at *2 (C.D. Cal. Sept. 28, 2020); see also

16   Escamilla v. Dias, 2021 WL 1225977, at *1-2 (C.D. Cal. Apr. 1, 2021) (dismissing petition,

17   explaining in part that, "petitioner's sole claim in the petition alleging his state criminal

18   prosecution was unlawful because the charges were brought via a felony complaint, and not a

19   grand jury indictment, does not present a federal questions").

20       Petitioner alleges that the California Constitution requires felony charges to be brought by

21   information or indictment.  (ECF No. 1 at 42.)  However, "[a] prosecutor would not be precluded

22   under article I, section 14.1 of the California Constitution from proceeding by way of a complaint

23   and preliminary hearing where a grand jury declined to return an indictment on any number of

24   felony charges sought by a prosecutor. . . ."  Smith v. Frauenheim, No. 2:15-cv-0151 MCE EFB

25   P, 2016, WL 7384039, at *8 (E.D. Cal. Dec. 21, 2016).  Even if petitioner's rights protected by

26   the California Constitution were violated, such an allegation is not cognizable in federal habeas

27   because it is based on an alleged violation of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-

28   68 (1991) (noting "it is not the province of a federal habeas court to re-examine state-court

2

1  determinations on state-law questions"). Further, "[i]n California, the prosecution may proceed

2  against a defendant either by way of complaint or indictment." Smith v. Tilton, No. 05-CV-2021

3  H(POR), 2007 WL 2019647 at *29 (S.D. Cal. Jul. 10, 2007) (citing Cal. Const. art I, § 14). Thus,

4  the sole ground alleged in the petition is not cognizable in a federal habeas action. Accordingly,

5  the court will recommend that the petition be dismissed.

6  **CONCLUSION**

7  For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign

8  this action to a District Judge.

9  IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without

10  leave to amend.

11  These findings and recommendations are submitted to the United States District Court

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen

13  days after being served with these findings and recommendations, petitioner may file written

14  objections with the court and serve a copy on all parties. Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

16  within the specified time may waive the right to appeal the District Court's order. Martinez v.

17  Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated: August 18, 2021

19

20

21  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27  DB:12
   DB/DB Prisoner Inbox/Habeas/S/hasa0354.scm.dism

28